CV 01-2148 L-O

JUDGE DOHERTY

| | | |
|---|---|---|
| IBERIA CREDIT BUREAU, INC. d/b/a | § | 16th JUDICIAL DISTRICT COURT |
| INFORMATION SERVICES, | § | |
| WARDELL X. GERHARDT, AL THERIOT | § | **MAGISTRATE JUDGE METHVIN** |
| CONSTRUCTION, INC., ET AL | § | |
| Plaintiffs, | § | |
| | § | DOCKET NO. 96613-B |
| vs. | § | |
| | § | |
| CINGULAR WIRELESS, L.L.C., formerly | § | **U.S. DISTRICT COURT** |
| known as BELL SOUTH MOBILITY, ET AL | § | PARISH OF IBERIA **WESTERN DISTRICT OF LOUISIANA** |
| Defendants. | § | **FILED** |
| | § | STATE OF LOUISIANA **OCT 1 7 2001** |

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Iberia Credit Bureau, Inc. d/b/a Information Services, Wardell X. Gerhardt, Al Theriot Construction Inc., Alfred J. Theriot, Constance White Louviere, Claudia Victoria Fontonet, Elliott Joliet and Charles V. Landry hereinafter referred to as ("Plaintiffs") on behalf of themselves and all others similarly situated, complain of Defendants, Cingular Wireless, L.L.C. ("Cingular/BellSouth"), Centennial Wireless ("Centennial"), Sprint Communications Company, L.P. ("Sprint"), Telecorp Communications, Inc., ("SunCom"), Magic Video, Inc. ("Magic Video"), J's Cellular and Beepers, L.L.C ("J's"), and Wireless Communications, Inc., d/b/a Cajun Wireless of New Iberia, The Phone Store, hereinafter referred to as "Cajun Wireless", collectively referred to as "Defendants" and state as follows:

### PARTIES

1.      Plaintiff, Iberia Credit Bureau, Inc. d/b/a Information Services, a domestic corporation, whose principal place of business is Iberia Parish, Louisiana and herein represented by its President, Wardell X. Gerhardt, entered into a contract for cellular services in Iberia Parish with "Cingular/BellSouth".

2.      Plaintiff, Wardell X. Gerhardt, individually, a person of the legal age of majority and a resident of Iberia Parish, Louisiana, entered into a contract for cellular services in Iberia Parish with "Cingular/BellSouth".

3.      Plaintiff, Al Theriot Construction, Inc., a domestic corporation whose principal of business is Iberia Parish, Louisiana and herein represented by its President, Alfred J. Theriot, entered into a contract for cellular service in Iberia Parish with "Centennial".

4.      Plaintiff, Alfred J. Theriot, individually, a person of the legal age of majority and resident of Iberia Parish, Louisiana entered into a contract for cellular services

FILED FOR RECORD
2001 SEP 11  PM 4 31
DEPUTY CLERK OF COURT
PARISH OF IBERIA, LA.

1



in Iberia Parish with "Centennial".

5.    Plaintiff, Constance White Louviere, a person of the legal age of majority and a resident of Iberia Parish, Louisiana entered into a contract for cellular services in Iberia Parish with "Cingular/BellSouth" through its duly authorized agent and representative, "Magic Video".

6.    Plaintiff, Claudia Victoria Fontonet, a person of the legal age of majority and a resident of Iberia Parish, Louisiana entered into a contract for cellular services in Iberia Parish with "SunCom".

7.    Plaintiff, Elliott Joliet, a person of the legal age of majority and a resident of Iberia Parish, Louisiana entered into a contract for cellular services in Iberia Parish with "Sprint" through its duly authorized agent and representative, "J's".

8.    Plaintiff, Charles V. Landry, a person of the legal age of majority and a resident of Iberia Parish, Louisiana entered into a contract for cellular services in Iberia Parish with "Sprint" through its duly authorized agent and representative, Wireless Communications, Inc., d/b/a "Cajun Wireless".

9.    The causes of action against defendants arise from defendants' transaction of business in Louisiana. The relief sought exceeds the Court's minimal jurisdictional amount.

10.    Defendant, Cingular Wireless, L.L.C., a limited liability company, whose domicile is the State of Delaware and principal business establishment and registered agent is Corporation Services Company, 320 Somerulous Street, Baton Rouge, Louisiana, 70802-6129 and formerly known as BellSouth Mobility, L.L.C., a limited liability company, whose registered agent for service of process is the Prentice-Hall Corporation Systems, 701 South Peter Street, 2nd Floor, New Orleans, 70130, hereinafter referred to as "Cingular/BellSouth".

11.    Defendant, Centennial Wireless, doing business as Iberia Cellular Telephone Company, L.L.C. a limited liability company, whose domicile is the State of Delaware and principal business establishment address is 2006 McArthur Drive, Alexandria, Louisiana 71301 and registered agent for service of process is U.C.S. of Louisiana, Inc., 3867 Plaza Tower Drive, 1st Floor, Baton Rouge, Louisiana  70816, hereinafter referred to as "Centennial".

12.    Defendant, Sprint Communications Company, L.P., whose domicile is the



State of Delaware, principal business establishment is 701 South Peter Street, 2nd Floor, New Orleans, Louisiana 70130 and registered agent is the Prentice-Hall Corporation Systems, Inc., 701 South Peter Street, 2nd Floor, New Orleans, Louisiana 70130, hereinafter referred to as "Sprint".

13.   Defendant, Telecorp Communications, Inc., a foreign corporation whose domicile is the State of Delaware, and principal business establishment is 8550 United Plaza Blvd., Baton Rouge, Louisiana, 70809 and registered agent for service of process is C.T. Corporation Systems, 8550 United Plaza Blvd., Baton Rouge, 70809, hereinafter referred to as "SunCom".

14.   Defendant, Magic Video, Inc., a domestic corporation, whose domicile is Iberia Parish and registered agent for service of process is Emanuel St. Upery, 502 Weeks Island Road, New Iberia, Louisiana, hereinafter referred to as "Magic Video".

15.   Defendant, J's Cellular and Beepers, L.L.C., a limited liability company whose domicile is Iberia Parish and registered agent for service of process is Kent Delcambre, 2009 Alice Street, New Iberia, 70560, hereinafter referred to as "J's".

16.   Defendant, Wireless Communications, Inc., d/b/a Cajun Wireless of New Iberia, The Phone Store is a domestic corporation whose domicile and registered agent for service of process is Brandon Boutte, 508 Surry Street, Lafayette, Louisiana 70501 and whose business address is 604 Center Street, New Iberia, Louisiana, hereinafter referred to as "Cajun Wireless".

17.   Defendants, "Cingular/BellSouth", "Centennial", "Sprint" and "SunCom" provide cellular communication goods and services to subscribers in the State of Louisiana and other states and has agents and representatives conducting business on a substantial and regular basis in the State of Louisiana and the Parish of Iberia. "Magic Video", "J's" and "Cajun Wireless" are agents and duly authorized representatives of the respective cellular providers and operate in Iberia Parish, State of Louisiana with full authority of their principals.

18.   All plaintiffs entered into a cellular communication contract with Defendants in Iberia Parish, Louisiana.

19.   All plaintiffs, at all times relevant herein, are/were subscribers to Defendants for cellular services and were damaged by the deceptive, misleading practices



alleged herein.

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over the parties because there is no diversity of citizenship between them and no federal question pertains to this cause. Even though this is a nationwide class action, a significant number of the class members reside in Louisiana. Furthermore, this Court may assert personal jurisdiction over all non-Louisiana resident class members that ultimately elect not to opt out of the class. *Phillips Petroleum Company v. Shutts,* 472 U.S. 797, 814 (1985).

21.     Defendants are entities authorized to do business and are doing business in Louisiana. The causes of action against Defendants arise from Defendants' contractual transaction of business in New Iberia, Louisiana. The relief sought exceeds the Court's minimal jurisdictional amount.

22.     Venue is proper in Iberia Parish, Louisiana as that is the parish in which the contracts were signed and the agreements to obtain cellular service was transacted for the plaintiffs' class representatives and in which all or substantially all of the causes of action arise.

23.     Plaintiffs' claims arise from Defendants' breach of the contract with Plaintiffs. In the recent past, Defendants have begun to include an arbitration clause in their contracts. However, Plaintiffs are not seeking recovery of damages pursuant to any contracts that include an arbitration clause. Therefore, neither the United States Arbitration Act nor any other arbitration law applies to this case.

## NATURE OF THE ACTION

24.     In order to induce consumers to obtain their cellular service, Defendants' used deceptive and/or misleading contracts, business practices and statements, including its advertising and promotional materials, that were designed to conceal its practice of charging for a full minute of airtime even when a subscriber is only actually connected for a few seconds. That is, Defendant consistently "rounds up" all connection time to the next higher full minute. For example, if a Defendant's subscriber uses a cellular phone for a total of one minute and one second, they are billed for two full minutes. This practice of "rounding up" results in millions of dollars of overcharges by Defendants, all at the expense of the unwary consumer. Rounding up results in cellular consumers not receiving the full number of



"minutes" they have contracted for at a fixed-rate in their basic plan, as well as them not being billed on an accurate basis for any calls placed after they have exceeded their fixed-rate allocation. In this same vein, Defendant regularly bills customers for multiple calls even when said calls begin and end within a single minute. For example, if a consumer makes three calls within a sixty second interval, they are billed for three minutes of airtime when only one minute has actually elapsed. Further, consumers are regularly billed for roaming charges due to cellular tower pass off, in spite of a customer's all-in-one rate plan, which does not contemplate roaming charges billed to those plan customers. Further, because of rounding up and because consumers are billed for multiple minutes within a single minute of usage, the limit on bundled minute plans are prematurely reached and they are then wrongfully billed for each additional minute exceeding the bundle. In its contracts, advertising materials, and promotional brochures, Defendants conceal this deceptive and misleading billing practice. Further, in its contracts, advertising and promotional brochures, Defendants conceal the fact that they are charging customers for dead time or non-communication time associated with neither call initiator nor ringing. For example, dead time includes the time after a signal has faded or time after a called party had terminated the call, but before the wireless subscriber pushes the "end button".

25.    In order to contract with as many consumers as possible, Defendants' market their cellular services through various agents nationwide, including those working in the Parish of Iberia, state of Louisiana.

26.    This nationwide class action is brought on behalf of subscribers of Defendants' cellular services throughout the United States.

27.    Plaintiffs seek, on behalf of themselves and all others similarly situated, injunctive and monetary relief, including: (a) an order enjoining Defendants from engaging in the deceptive practices complained of herein; (b) restitution; and (c) compensatory damages in the amount of the difference between the amounts charged by Defendants for cellular service and the amount Plaintiffs and class members would have been charged for actual usage and/or usage contemplated by their plan. The deceptive practices complained of herein are of a universal nature and equally affect all members of the plaintiff class.

## CLASS ACTION ALLEGATIONS

28.    Plaintiffs bring as a class action against Defendants pursuant to the



LOUISIANA CODE OF CIVIL PROCEDURE, Articles 591 and 592, *et seq.*, individually and on behalf of a class consisting of all persons and entities located throughout the United States who have been billed and paid for cellular service by Defendants.

29.    Plaintiffs are members of the class and they will fairly and adequately assert and protect the interests of the class. The interests of Plaintiffs are coincident with, and not antagonistic to, those of other members and thus give rise to a common character of right to be enforced for all such members. Plaintiffs have retained attorneys who are experienced in class action litigation.

30.    The members of the class are so numerous that the joinder of them is impracticable. Plaintiffs believe that there are thousands, if not millions, members of the class whose identities can easily be ascertained from the records of Defendants. Plaintiffs do not anticipate any difficulties in the management of this lawsuit as a class action.

31.    Common questions of law and fact predominate over questions affecting only individual members of the class. Common questions include, *inter alia:*

a.    whether Defendants engaged in unfair business practices and false advertising;

b.    whether the advertising, promotional sales materials, presentations, contractual documents, and other materials used by Defendants to sell cellular services misrepresented or omitted material facts;

c.    whether Defendants acted willfully, recklessly or with gross negligence in omitting to state and/or misrepresenting material facts regarding its billing practice of "rounding up," and charging for "dead time" as well as the other practices as alleged herein;

d.    whether Defendants' conduct constitute a bad faith breach of contract;

e.    whether Defendants' contracts with Plaintiffs are adhesionary; and

f.    the nature of damages and other remedies to which the conduct of Defendants entitles Class members.

32.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.



33.    A class action is superior to other available methods for the fair and efficient prosecution of this action.  The certification of class would allow litigation of claims that, in view of the expense of the litigation, may be insufficient in amount to support individual actions.

34.    Accordingly, Plaintiffs bring this action on behalf of themselves and all members of the sub-classes ("class members") defined as follows:

a.    all persons and entities located in the state of Louisiana who are or have been subscribers of Defendants' cellular service at any time; and

b.    all persons and entities located throughout the United States who are or have been subscribers of Defendants' cellular service at any time.

## COMMON FACTUAL ALLEGATIONS

35.    Cellular telephone service employs a technology of mobile radio communication-based portable cellular phones and a computer-coordinated network of radio transceivers located in cell sites throughout a given coverage area.  Each cell site contains a radio transmitter which serves a portion of the total coverage area.  When a subscriber places a call from their cellular phone, the system locates the cellular phone, establishes a connection to other cell sites, and the cellular connection moves through the area served by the system.

36.    Defendants provide cellular service in many markets throughout the country, including New Iberia, Lafayette, New Orleans, and other Standard Metropolitan Statistical Areas ("SMSA").

37.    Due to the immense profitability, Defendants through their agents and employees engage in extensive advertising designed to induce consumers to use cellular airtime.

38.    Through its agents and others, Defendants offer consumers a range of billing plans.  These plans offer a fixed charge per month for a specified period of airtime (i.e., 30, 60, or 240 minutes).  For any airtime used beyond the fixed-charge time allotted under the plan the consumer has elected, the subscriber is charged various rates "per minute," depending on the plan and whether the call is made during peak or off-peak hours.

39.    Defendants require that each customer sign a service agreement and/or contract by and through its agents, employees or others.  Said contracts are one-sided and

without adequate bargaining power on behalf of the consumer.  The contracts are drafted with exceedingly small print and in numerous respects they are adhesionary.

40.     In its brochures, promotional materials and advertisements, Defendants routinely represent that the consumer is allowed so many "minutes" at a fixed monthly charge under the billing plan the consumer has elected and is billed on a per minute basis thereafter.

41.     Neither Defendants nor their agents disclose the true nature of the billing practices of treating all cellular calls as being at least one minute in length, of "rounding up" all calls to the next minute, or of treating all cellular calls as separate billable events despite the described "rate plans" which purport to impose one charge for a specified block of time.  For example, if a caller places a call that uses one minute and one second of actual airtime, the caller is billed for two minutes.  Defendants always rounds up to the next full minute.  For these same reasons, callers are billing for multiple minutes when multiple calls are made in a single minute.

42.     Defendants have the capacity to bill to the nearest second of airtime and does not disclose this material information to consumers.

43.     Neither Defendants nor their agents disclose the true nature of the practice of charging the consumer for "dead time".

44.     As a result of Defendants' deceptive and misleading billing practices, Plaintiffs and class members have been and are overcharged, do not receive the full amount of flat-rate airtime allocated under the billing they elected, and are overcharged for airtime used in excess of the flat-rate amount allocated under the billing plan they elected.

45.     As a result of this deceptive and misleading practice, Defendants have received millions of dollars in unlawful overcharges paid by Plaintiffs and class members.

### BREACH OF CONTRACT

46.     Plaintiffs reallege each allegation contained in paragraphs 1 through 33 above as if fully set forth herein.

47.     Defendants' breach of contract is in bad faith and was done knowingly. Defendants knowingly overcharge Plaintiffs and knowingly conceal these charges from Plaintiffs.  Defendants deceptive and misleading conduct contributed to cause all of Plaintiffs harm and damages.



48.    By engaging in the practice of "rounding up," Plaintiffs and class members do not receive the full amount of flat-rate airtime allocated under the billing plan they have selected.

49.    By engaging in the practice of "rounding up," Defendants overcharge Plaintiffs and class members for airtime usage.

50.    By engaging in the practice of "rounding up," Defendants have breached its contract with Plaintiffs and class members.

51.    By engaging in the practice of "rounding up," Defendants have failed and refused to provide to Plaintiffs and class members the contracted minutes of airtime each month for the contracted fee set forth in the service agreements.  Because of Defendants' undisclosed billing practices and methods, Defendants virtually always provides less than the promised minutes of airtime under the specified rate plan each month, and depending upon the pattern of calls in a given month, often provides substantially less than the full contracted minutes.

52.    By charging Plaintiffs roaming fees Defendants have breached their contract with Plaintiffs.

53.    By charging Plaintiffs for multiple minute calls within the same minute Defendants have breached their contract with Plaintiffs.

54.    By charging Plaintiffs for "dead time", Defendants have breached their contract with Plaintiffs.

## VIOLATION OF UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

55.    Plaintiffs re-allege every allegation contained in paragraphs 1 – 54 above as if fully set forth herein.

56.    Plaintiffs allege that Defendants violated the Unfair Trade Practices and Consumer Protection Law, pursuant to L.R.S. 15:1401, et seq. and should be awarded all appropriate damages thereto.

WHEREFORE, Plaintiffs, Iberia Credit Bureau, Inc. d/b/a Information Services, and Wardell X. Gerhardt, and class members pray that this action be certified as a class action; that the practices and conduct of Defendant, Cingular Wireless, L.L.C. ("Cingular/BellSouth"), be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq.; for a permanent



injunction enjoining Defendant, Cingular Wireless, L.L.C. ("Cingular/BellSouth"), from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

WHEREFORE, Plaintiffs, Al Theriot Construction Inc. and Alfred J. Theriot, and class members pray that this action be certified as a class action; that the practices and conduct of Defendant, Centennial Wireless ("Centennial"), be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq. for a permanent injunction enjoining Defendant, Centennial Wireless ("Centennial") from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

WHEREFORE, Plaintiff, Constance White Louviere, and class members pray that this action be certified as a class action; that the practices and conduct of Defendants, Cingular Wireless, L.L.C. ("Cingular/BellSouth") and Magic Video, Inc. ("Magic Video"), be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq.; for a permanent injunction enjoining Defendants, Cingular Wireless, L.L.C. ("Cingular/BellSouth") and Magic Video, Inc. ("Magic Video"), from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

WHEREFORE, Plaintiff, Claudia Victoria Fontonet, and class members pray that this action be certified as a class action; that the practices and conduct of Defendant, Telecorp Communications, Inc., ("SunCom"), be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq.; for a permanent injunction enjoining Defendant, Telecorp Communications, Inc., ("SunCom"), from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

WHEREFORE, Plaintiff, Elliott Joliet, and class members pray that this action be certified as a class action; that the practices and conduct of Defendants, Sprint



Communications Company, L.P. ("Sprint") and J's Cellular and Beepers, L.L.C ("J's"), be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq.; for a permanent injunction enjoining Defendants, Sprint Communications Company, L.P. ("Sprint") and J's Cellular and Beepers, L.L.C ("J's"), from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

WHEREFORE, Plaintiff, Charles V. Landry, and class members pray that this action be certified as a class action; that the practices and conduct of Defendants, Sprint Communications Company, L.P. ("Sprint") and Wireless Communications, Inc., d/b/a Cajun Wireless of New Iberia, be adjudged a deceptive trade activity and a breach of contract; for an award of statutory damages pursuant to L.R.S. 15:1401, et seq.; for a permanent injunction enjoining Defendants, Sprint Communications Company, L.P. ("Sprint") and Wireless Communications, Inc., d/b/a Cajun Wireless of New Iberia, from continuing these practices; for an award of attorneys' fees, costs of suit, pre and post-judgment interest, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF HAIK, MINVIELLE & GRUBBS

By:_____

Theodore M. Haik, Jr.
SBN: 6416
1017 E. Dale
P. O. Box 11040
New Iberia, LA  70562-1040
Tel:  (337) 365-5486
Fax:  (337) 367-7069
ATTORNEY FOR PLAINTIFFS


LAW OFFICES OF JOSEPH JOY & ASSOCIATES

By:_____

Joseph R. Joy, III
SBN: 7575
214 Jefferson Street
P. O. Box 499
Lafayette, LA  70502
Tel:  (337) 232-8123
Fax:  (337) 235-5629
ATTORNEY FOR PLAINTIFFS

SCAN

**LAW OFFICES OF J. ROBERT DAVIS, L.L.P.**
J. Robert Davis
SBN: 00788859
440 Louisiana, Suite 1600
Houston, Texas 77002
Tel:   (713) 425-5255
Fax:   (713) 425-5355
ATTORNEY FOR PLAINTIFFS


**LAW OFFICES OF GAUTHIER & DOWNING**
Wendel H. Gauthier
SBN: 5984
Scott LaBarre
SBN: 17659
3500 N. Hullen Street
Metairie, LA  70002
Tel:   (504) 456-8066
Fax:   (504) 456-8624
ATTORNEYS FOR PLAINTIFFS


**LAW OFFICES OF CALVIN C. FAYARD, A. P. C.**
Calvin C. Fayard, Jr., A. P. C.
SBN: 5486
519 Florida Avenue, SW
Denham Springs, LA  70726
Tel:   (225) 664-4193
Fax:   (225) 664-6925
ATTORNEY FOR PLAINTIFFS



**PLEASE SERVE**

1)  **CINGULAR WIRELESS, L.L.C., formerly known as BellSouth Mobility**
    Through its Registered Agent for Service of Process:
    Corporation Services Company
    320 Somerulous Street
    Baton Rouge, Louisiana  70802-6129

2)  **CENTENNIAL WIRELESS**
    Through its Registered Agent for Service of Process:
    U.C.S. of Louisiana, Inc.
    3867 Plaza Tower Drive
    1st Floor
    Baton Rouge, Louisiana  70816

3)  **BELLSOUTH MOBILITY, L.L.C.**
    Through its Registered Agent for Service of Process:
    Prentice-Hall Corporation Systems, Inc.
    701 South Peter Street
    2nd Floor
    New Orleans, Louisiana  70130

4)  **SPRINT COMMUNICATIONS COMPANY, L.P.**
    Through its Registered Agent for Service of Process:
    Prentice-Hall Corporation Systems, Inc.
    701 South Peter Street
    2nd Floor
    New Orleans, Louisiana  70130

5)  **TELECORP COMMUNICATIONS, INC.**
    Through its Registered Agent for Service of Process:
    C. T. Corporation Systems
    8550 United Plaza Blvd.
    Baton Rouge, Louisiana  70809

6)  **MAGIC VIDEO, INC.**
    Through its Registered Agent for Service of Process:
    Emmanuel St. Upery
    502 Weeks Island Road
    New Iberia, Louisiana  70560

7)  **J'S CELLULAR AND BEEPERS, L.L.C.**
    Through its Registered Agent for Service of Process:
    Kent Delcambre
    2009 Alice Street
    New Iberia, Louisiana  70560

8)  **WIRELESS COMMUNICATIONS, INC. d/b/a CAJUN WIRELESS OF NEW IBERIA, THE PHONE STORE**
    Through its Registered Agent for Service of Process:
    Brandon Boutte
    508 Surry Street
    Lafayette, Louisiana  70501

FILED _9-11  2001_

DEPUTY CLERK OF COURT
IBERIA PARISH, LA

13

**HAIK
MINVIELLE
& GRUBBS, LLP**

September 11, 2001

CV01-2148 L-O

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

1017 E. DALE ST.
P. O. BOX 11040
NEW IBERIA, LA 70562-1040
337.365.5486
800.491.9853
337.367.7069 (FAX)
e-mail: hmglaw@hmg-law.com

T. M. "TED" HAIK, JR.
LEON J. MINVIELLE, III
JULIUS W. GRUBBS, JR.

T. M. "TREY" HAIK, III

OF COUNSEL:
C. THOMAS BIENVENU, JR.
*(JUDGE RETIRED)*

Iberia Parish
Clerk of Court
P. O. Drawer 12010
New Iberia, LA  70562-2010

RE:    *Iberia Credit Bureau, Inc.
       d/b/a Information Services,
       Wardell X. Gerhardt, Al Theriot
       Construction, Inc., et al
       vs.  Cingular Wireless, L.L.C., formerly
       known as BellSouth Mobility, et al
       Docket No.: _____*

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT 1 7 2001

ROBERT H. SHEMWELL, CLERK
BY _____
                    DEPUTY

Dear Sir:

Enclosed please find **Plaintiffs' Original Petition,** which I ask that you file into the record of the above captioned matter.  Please return one certified copy of the petition to this office and have the other copies served as per the service instructions at the end of the petition.

A check in the amount of $550.0 is enclosed to cover cost of same.

With kindest regards, I remain

Yours very truly,

*HAIK, MINVIELLE & GRUBBS*

*THEODORE M. HAIK, JR.*

TMH\elb
Enclosures

cc:    Mr. Joseph R. Joy, III
       Mr. J. Robert Davis
       Mr. Wendel H. Gauthier
       Mr. Calvin C. Fayard, Jr.